MERCER COUNTY CIRCUIT COURT.

## CHARLES P. HART, PLAINTIFF, v. DENNIS S. BRUSNAHAN AND FRED BRUSNAHAN, DEFENDANTS.

Decided April 7, 1927.

**Negligence—Motor Vehicle Accident—Agency—Responsibility of Father, the Owner, For Acts of Son, the Driver—In Instant Case the Question was Held to be One For the Jury—Where Doubt is Thrown Upon the Owner's Denial of Agency a Jury Question is Raised.**

For the plaintiff, *James S. Turp.*

For the defendants, *Martin P. Devlin.*

DONGES, J. Plaintiff recovered a verdict against both defendants. A rule was allowed defendant Dennis S. Brusnahan, who seeks a new trial.

Dennis S. Brusnahan, father of Fred Brusnahan, was the owner of the automobile, which was being driven by Fred Brusnahan when the collision with plaintiff's automobile occurred.

The real question is as to whether the defendant Dennis S. Brusnahan had succeeded in so overthrowing the presumption of agency arising from ownership as to require a verdict in his favor.

The car was bought for family use, and was driven by defendant's sons. On this night the son, Fred Brusnahan, had permission to use the car (page 11). It further appeared he was driving towards Burlington, where his sister, a member of the father's household, was at the time, and that he intended to bring her home (page 18). Under authority of *Tischler* v. *Steinholtz*, 99 *N .J. L.* 149, and cases therein cited, I am of opinion that the situation exhibited by the proofs presented a jury question as to whether

or not the presumption of agency had, in fact, been fully over-thrown. If the son was going for his sister, a member of the household, with the father's knowledge and in pursuance of his purposes in buying and using the car, then the father would be liable. *Missell* v. *Hayes,* 86 *Id.* 348. Where such doubt is thrown upon the truth of the owner's denial of agency, as to leave the mind in doubt, a jury question is raised. *Crowell* v. *Padolsky,* 98 *Id.* 552. And this rule is based upon sound considerations, as, otherwise, a mere denial must conclude the court, and, inasmuch as a plaintiff is not in possession of the evidence to contradict the statement, injustice would necessarily follow. Where such doubt is manifest that a court cannot say there is no question of the truth of the defendant's testimony on that point, the jury should be permitted to decide. And where there is a mere contradiction, so shaken as to raise doubt, the verdict ought not to be disturbed.

This conclusion renders it unnecessary to discuss the other grounds urged, all of which are based upon the assumption that Dennis S. Brusnahan should not be held liable.

The rule to show cause is discharged.